**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-CR-38 (WLS) |
| | : | |
| EDDIE HARRIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

On March 20, 2014, the Court held a hearing on the Government's Petition for Action on Supervised Release (hereinafter "Petition"). (*See* Doc. 2.) The Petition requests revocation of Defendant's term of supervised release. The Petition contends that Defendant 1) violated a mandatory condition of supervision by possessing or using a controlled substance (Violation Nos. 1-5) and 2) violated the special condition of supervision by failing to participate in an approved substance abuse treatment program (Violation No. 6). (*Id.*) Defendant was initially sentenced on January 26, 2000, to one hundred and ninety months custody followed by five years of supervised released for violating 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon. (Docs. 1-1, 1-3.)

During the final revocation hearing, the Court advised Defendant of the alleged violations and of his rights to a hearing on the allegations, which the Government would be required to prove by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was *not required* to testify or present a defense)—all of which Defendant acknowledged he understood. Defendant

then stipulated to all Violations, as alleged. The Court found by a preponderance of the evidence that Defendant violated the conditions of supervised release as set forth in Violation Nos. 1-6 of the Petition. Thus, the Court found that Defendant violated the conditions of supervised release, as alleged. The Court then declared Defendant's supervised release revoked.[1] The Court then took Defendant's U.S. Sentencing Guidelines range under advisement and found that the Sentencing Guidelines range was eight to fourteen months, based on Defendant's original criminal history category of VI and his Grade C violations. The Court then sentenced Defendant to eleven months in prison. The Court did not order a period of supervised release to follow the conclusion of Defendant's eleven-month prison term. For all of the above reasons, the Government's Petition (Doc. 2) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is hereby committed to the Bureau of Prisons for a period of eleven months.

    **SO ORDERED**, this  21st  day of March 2014.

                                    /s/ W. Louis Sands
                                    **W. LOUIS SANDS, JUDGE**
                                    **UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).